UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                              )
         Plaintiff,           )
                              )   CIVIL ACTION NO.
         v.                   )
                              )
BIMBO BAKERIES USA, INC. and  )
STROEHMANN BAKERIES, L.C.     )   COMPLAINT
                              )   JURY TRIAL DEMAND
         Defendants.          )
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Henry T. Hairston (black) and a class of similarly situated black employees who were adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that during the course of their employment, Defendants, Bimbo Bakeries USA, Inc.

1

and Stroehmann Bakeries, L.C., discriminated against Mr. Hairston, a Production Operator, and a class of similarly situated black employees, when they were subjected to a racially hostile work environment. The Commission further alleges that Mr. Hairston complained about the racial comments to three management officials, but no corrective action was taken to stop the discrimination. As a result, Mr. Hairston was constructively discharged from his position.

The Commission further alleges that Bimbo Bakeries USA, Inc. and Stroehmann Bakeries, L.C. similarly subjected a class of black employees to a racially hostile work environment. Mr. Hairston and the class claimants suffered emotional distress and back pay damages as a result of Defendant's discriminatory actions.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants, Bimbo Bakeries USA, Inc. and Stroehmann Bakeries, L.C. ("Defendant Employers" and/or "Defendants"), have continuously been and are now doing business in the Commonwealth of Pennsylvania and the City of Harrisburg and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Henry Hairston filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, Defendant Employers have engaged in unlawful employment practices at its Harrisburg, Pennsylvania facility, in violation of sections 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when Defendants subjected Mr. Hairston and a class of similarly situated black employees to a hostile work environment based on their race. These unlawful practices include, but are not limited to, the following:

(a) On March 27, 2003, Henry Hairston was hired by Defendants as a Production Operator.

(b) Beginning around October 31, 2006, Defendants allowed a racially hostile work environment to persist against its black workers, including Henry Hairston, Terry Gross, and Dave Nelson, through a white co-worker's consistent use of racially hostile remarks, including but not limited to "nigger," "plant nigger" "nigger rigged," and "dumb niggers."

(c) Henry Hairston repeatedly complained to Defendants' management about the remarks, and various management officials advised that the situation would be addressed.

(d) Instead of Defendants remedying the harassment, the work environment became intolerable, resulting in Henry Hairston's constructive discharge.

(8) The effect of the practices complained of in paragraph 7 above has

been to deprive Henry Hairston and a class of similarly situated black employees of equal employment opportunities and otherwise adversely affect their status as employees because they were forced to tolerate a working environment that was racially hostile and demeaning in violation of Title VII.

(9)   The unlawful employment practices complained of in paragraph 7 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Mr. Hairston and the class of similarly situated black employees in violation of Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employers, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment based upon a person's race or any other employment practice which discriminates on the basis of race.

B.   Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals, a work environment free of race discrimination and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employers to institute and carry out anti-discrimination policies and a complaint procedure which encourages employees to

come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D.  Order Defendant Employers to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.  Order Defendant Employers to make whole Henry Hairston and a class of similarly situated black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay or reinstatement.

F.  Order Defendant Employers to make whole Henry Hairston and a class of similarly situated black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to, out-of-pocket losses in amounts to be determined at trial.

G.  Order Defendant Employers to make whole Henry Hairston and a class of similarly situated black employees by providing compensation for past and future non pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including pain and suffering, humiliation, embarrassment, inconvenience, and loss of life's pleasures, in amounts to be determined at trial.

H.  Order Defendant Employers to pay Henry Hairston and a class of similarly situated black employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.,
Room 4NW08R
Washington, DC 20507

*/s/ Debra Lawrence/sm*
DEBRA M. LAWRENCE
Acting Regional Attorney

*/s/ Stephanie Marino/sm*
STEPHANIE MARINO
Acting Supervisory Trial Attorney

*/s/ Marisol Ramos*
MARISOL RAMOS
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Telephone: (215) 440-2619
Facsimile: (215) 440-2848
Email: marisol.ramos@eeoc.gov